UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----

UNITED STATES OF AMERICA,

v.

NICHOLAS HAYES,

Defendant.

----

07-cr-874

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 16, 2008, Nicholas Hayes pled guilty to count one of a forty-count indictment, which charged that between May 2006 and November 2007, Hayes and others conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Hayes was sentenced on November 12, 2008. All outstanding charges against him were dismissed upon motion by the government. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 22 and defendant's criminal history category to be level I, yielding a guidelines range of imprisonment of between 41 and 57 months. There was a mandatory minimum sentence of ten years. *See* 21 U.S.C. § 841(b)(1)(A). Hayes qualified for a safety valve under 18 U.S.C. § 3553(f) such that the statutory mandatory minimum sentence was not required because: 1) he does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he had a minor role in the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to the safety valve. The offense carried a maximum term of imprisonment of life. *See* 21 U.S.C. § 841(b)(1)(A). The guidelines range of fine was from $10,000 to $4,000,000. U.S.S.G. § 5E1.2(c)(3) (Nov. 2008); 21 U.S.C. § 841(b)(1)(A).

Hayes was sentenced to 36 months imprisonment and three years supervised release. The court ordered that the defendant receive drug and alcohol as well as gambling treatment based on

2

his past difficulties in these areas. Training in mechanics and construction was recommended to help prepare Hayes for his reintegration into society after serving his prison term. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it involves the distribution of illegal drugs in housing projects where law-abiding citizens and families with children live. The defendant has accepted responsibility for his actions, did not resist arrest, and has provided information to the government with respect to his offense. He comes from a challenging family background; a brother had been murdered. His father served in the army for several years, but passed away while the defendant was young and was not available to provide discipline. A sentence of 36 months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will

engage in further criminal activity in light of his family support, education, and ability to succeed without engaging in criminal enterprises.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 1, 2008
 Brooklyn, New York